IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                              No. CR 19-3105-MV

TRISTIAN CADMAN,

        Defendant,

**UNOPPOSED MOTION TO CONTINUE NOVEMBER 2019
TRIAL SETTING AND RELATED DEADLINES**

COMES NOW Defendant Tristian Cadman, through his attorney, Jeffrey J. Buckels, and moves this Court to continue the November 18, 2019, trial setting and related deadlines. As grounds, Mr. Cadman states as follows.

Per AUSA Joseph Spindle, the Government does not oppose this motion. There have been no prior requests for a continuance.

Mr. Cadman, who is nineteen, is charged with first degree murder in violation 18 U.S.C. §§ 1153, 1111 and 2, and related firearms crimes in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1). *Indictment* (Doc. 14). He was arraigned on September 18, 2019. At that time a motions deadline of October 8, 2019, was established (Doc. 16).

By order of September 30, 2019 (Doc. 18), jury selection was set for November 18, 2019, and deadlines for pretrial motions and other pretrial obligations were established.

Mr. Cadman is detained pending trial.

Undersigned counsel received Rule 16 discovery on September 30, 2019. Mr. Spindle informs the undersigned that additional discovery is in the offing.

The undersigned has identified a need for independent investigation, has requested an investigator through the CJA, and believes pretrial motions may be necessary.

It may be that, upon completion of defense investigation and final review of discovery, a settlement of this case without need of additional pretrial litigation and/or trial will occur.

Counsel submits, and the Government agrees, that an additional <u>*90 days*</u> may be necessary in order for this process to run its course.

The requested postponement is needed in order to permit the completion of the above-noted tasks and to ensure that Mr. Cadman receives the effective assistance of counsel and due process of law. In the circumstances, the interests of justice call for a continuance of the November 18 trial setting, and that need outweighs the interests of the accused and the public in a speedy trial. 18 U.S.C. § 3161(h)(7).

2

The requested continuance is not sought for the purpose of delay, but rather to ensure that justice is done.

The grant of the requested continuance, and the completion of the essential tasks noted above, are needed in order to permit Mr. Cadman to make a fully informed decision as to whether to plead guilty or take the case to trial, to prepare for trial, including the filing of motions, in the event a settlement is not reached, and to ensure that he receives the effective assistance of counsel and due process of law.

The Constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. *United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. Fla. 1995) ("Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense").

Effective assistance of counsel requires the evaluation and discussion of potential pleas. *Missouri v. Frye*, 566 U.S. 133, 132 S.Ct. 1399 (2012).

Pursuant to *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), additional time for counsel to make a final review discovery, conduct any needed investigation and/or pursue appropriate motions, and to explore plea options on the basis of the above, as well as a definitive review of the applicable sentencing guidelines, is absolutely necessary to Mr. Cadman in order to achieve the fair administration of justice.

Given the possibility of a negotiated settlement of this case, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See Connelly v. United States*, 2013 WL 530869 (D.N.J. Feb. 11, 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to objectives underlying the Speedy Trial Act).

Pursuant to 18 U.S.C. § 3161(h)(7)(A), undersigned counsel states that the ends of justice will be served by the granting of the requested continuance.

Mr. Cadman stipulates that all delay caused by the requested continuance should be excluded from the computation of his right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A), as it is in the best interest of both him and the Government fully and properly to evaluate the case.

As noted, the Government, per Mr. Spindle, agrees to this motion.

WHEREFORE, Mr. Cadman moves this Court to continue the November 18, 2019, trial setting for *90 days* and to continue the accompanying deadlines for motions and other pretrial obligations accordingly.

Respectfully Submitted,

*Electronically filed 10/07/19*

/s/ Jeffrey J. Buckels
Jeffrey J. Buckels

4

Attorney for Mr. Cadman

2410 Venetian Way SW
Albuquerque NM 87106
(505) 363-4609 Phone
(866) 848-6905 Fax
jeffbuck7@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically submitted, on this 7th day of October, 2019, and emailed to opposing counsel, to wit:

Joseph Spindle, AUSA
P.O. Box 607
Albuquerque NM 87102-3305
(505) 346-7274 Phone
(505) 346-7296 Fax

/s/ Jeffrey J. Buckels